SARAH W. BULLOCK *vs.* MARY C. PHELPS *et al.*

WASHINGTON—APRIL 26, 1905.

PRESENT: Douglas, C. J., Dubois and Parkhurst, JJ.

(1)    *Trespass Quare Clausum. Easements. Ways. Deeds.*

X., the owner of certain premises (lot *A*), had been in the uninterrupted use of a right of way over land of Y., adjoining the land of X., for seventeen years. X. then purchased a portion of the land of Y. (lot *B*.), moving his wall and gateway to enclose the strip purchased with his other land, and

continued to use the way as appurtenant to lots *A.* and *B.* over the remainder of the land of Y. (lot *C.*).   The deed from Y. to X. of lot *B.* granted to X. a right "to a convenient passway across the grantor's (Y's) land to the highway at all times free and unobstructed from the said (X's) land;"—

*Held,* that the language used was broad enough to give X. an express right to use the way in the same manner and extent as he had been using it as appurtenant to both lots *A* and *B.*

(2)   *Easements.   Extinguishment.   Dominent and servient estates.*

*Semble;* that where a portion of the servient estate is purchased by the owner of the dominant estate a right of way is extinguished only as to that portion of the servient estate purchased.

TRESPASS *quare clausum fregit.*   Heard on petition of plaintiff for new trial, and denied.

PARKHURST, J.   This was an action of *trespass quare clausum fregit,* brought by the plaintiff, as owner of a certain tract of land at Watch Hill, R. I., against the defendants; who were owners of a certain tract of land lying southerly of and next adjacent to the plaintiff's land, the plaintiff in her declaration alleging in substance that the defendants by their agents and servants broke and entered the close of the plaintiff and tore up the ground, etc., the defendants falsely and maliciously claiming a right of way over the plaintiff's land and the right to construct a roadway thereover, and in consequence of said acts deprived the plaintiff of the sale of said close to certain persons with whom she was then negotiating, and laying damages at $5,000.

The defendants pleaded:

1.   The general issue.

2.   A plea of justification by reason of a right of way by prescription.

3.   A plea of justification by reason of a general right of way by deed.

4.   A plea of justification by reason of a defined right of way by deed.

Issue having been taken upon these pleas, the case was tried before a jury on the 12th day of July, 1904, and resulted in a verdict for the defendants.

The plaintiff petitions for a new trial, and alleges in her

petition ten grounds therefor; but both in the argument and brief for the plaintiff no specific exception or ground is urged, and the case is treated as one resting solely upon the testimony and certain questions of law raised thereon, as follows:

1. Under the second plea, did the defendants have a right of way by prescription as appurtenant to all their land?

2. Under the third plea, did the defendants have a right of way by grant as appurtenant to a part of their land?

3. Under the fourth plea, did the defendants have a right of way by grant as appurtenant to all their land?

There is no dispute as to title or ownership by the parties in the lands described and claimed by them in the pleadings. The sole dispute concerns a right of way claimed by the defendants and disputed by the plaintiff, by virtue of which right of way the defendants justify their entry upon the land of the plaintiff for the purpose of making repairs.

For convenience, a sketch of the lands of the parties, showing the way in question, is incorporated herewith, the same being taken from a plat filed and used by the plaintiff. (See "Plaintiff's Exhibit K, Plat July, 1904.")

It is undisputed that "lot A," with a house, barn, and other improvements, was owned by Albert Crandall in 1848, and was part of a farm owned and worked by him; that said Albert Crandall bought from Edward F. Vose, by deed dated February 14, 1865, "lot B," together with a right of way described in that deed, as follows: "The said Crandall is to have forever and his heirs and assigns, a right to a convenient passway across the Grantor's land, past the Fosters' House, so called, to a highway, at all times, free and unobstructed from the said Crandall's land." Lots "A" and "B" with said right of way have come by mesne conveyances to the defendants. "Lot C," which was formerly owned by said Edward F. Vose, at the time of the conveyance to Crandall, February 14, 1865, is the lot of land over which the right of way in question passes, and is the property of the plaintiff.

It appears from the testimony that from 1848 down to 1865 the said Crandall used a way northerly from his land ("lot A") across lots "B" and "C" (Vose's land), and it sufficiently

appears by a chain of witnesses, none of whom is contradicted, that said way was used by Crandall and his servants with carts and other vehicles, oxen, horses, and on foot, for all such purposes as he chose in connection with said "lot A." That after he purchased "lot B," in 1865, he and his successors in title continued to use the same way, in the same location over the same land, from the northerly line of "lot B," and that he moved his wall and gate-posts and gate to the northerly line of "lot B;" that there has never been any change or interruption in the use of the said way, and that the location is the same that it always has been, and so remains down to the present time; and there is no evidence that the use of the said way has ever been forbidden, interrupted, or complained of by anyone until just prior to this suit.

It is evident that if Crandall and his successors in title had used the way in question from 1848 for twenty years, as appurtenant to "lot A," and without having purchased "lot B" and the right of way therein described, a right of way would have been acquired by prescription.

(2)    But the plaintiff contends that no right of way could be acquired by prescription between 1848 and 1865 (a period of seventeen years) and that by the deed of 1865, purchasing a part of the land over which the way was used, Crandall lost the benefit of the seventeen years which had elapsed, because the easement (even if then acquired) became extinguished by the unity of title and possession in Crandall of the land to which the way was appurtenant and the land over which the way passed. If this were all, we are of the opinion that such extinguishment would have affected only that part of the way which was upon "lot B" and that the prescriptive time would have gone on as to the remainder of the way over Vose's land, so that a way from the northerly line of "lot B" to the highway would have matured and become vested at the end of twenty years from 1848. We know of no case in which extinguishment of an easement of way has been held to have taken place, where only a portion of the servient estate has been purchased. No such case is cited on the plaintiff's brief.

The case, cited by plaintiff, of *Bell* v. *Ohio, &c., R. R. Co.*, 64

Am. Dec. 687, to the effect that a person having a right of common appurtenant, who becomes a purchaser or disseizer of part of the land, subject to the easement, thereby loses all his right of common, has no application here, because a right of common being in all and every part of the land, and implying a similar right in others, becomes impossible of enjoyment by a purchaser or disseizer.

But it is unnecessary for us to further discuss this question, because of the construction which we place upon the deed of February 14, 1865.

(1)    The plaintiff contends that by the deed of February 14, 1865, whereby Crandall purchased "lot B" with a right of way over the grantor's land, Crandall obtained only a right of way appurtenant to "lot B." Under the cases cited by plaintiff this would be true if "lot B" was isolated from "lot A." It would also be true, if, having already acquired a definite right of way appurtenant to a certain lot of land, he had purchased another lot beyond "lot A" without any express grant of a right of way, because under all the cases, where a right of way is fixed and certain, no additional burden can be imposed upon the servient estate by reason of the purchase of additional land, unless by express grant or prescription.

In this case, if we had determined that the way was appurtenant to "lot B" only, by the narrow construction of the deed contended for by the plaintiff, we should still be constrained to hold that, in the lapse of time since 1865, Crandall, and those who succeeded him had, by the constant, unobstructed use of the way as appurtenant to "lot A" as well as to "lot B," acquired by prescription a right of way appurtenant to the whole 'land covered by lots "A" and "B," and so had enlarged the right of way to the fully vested right claimed by the defendants.

But we construe the language of the deed from Vose to Crandall of February 14, 1865, more broadly. Crandall was then the owner of "lot A" and had been using the way, in connection therewith, for seventeen years. His house and buildings and all his operations in connection with the land were upon "lot A," and he had been accustomed to pass and

repass, to and from the same, over the way. When he pur-chased "lot B," he simply moved his wall and gateway, and practically enclosed this strip of seventy-three feet in width with his other land. The description of the way and its con-cluding language, "free and unobstructed *from the said Cran-dall's land*," is fully consistent with an intention on the part of the grantor to give Crandall an express right to use the way which he had been using since 1848, to the same extent, in the same manner, and in the same place as appurtenant to *all* his land, as he had been using it since 1848. The language is certainly broad enough to cover this construction, and the whole of Crandall's land (both "lot A" and "lot B") is men-tioned in the descriptive part of the deed, and we are of the opinion that it was so intended and does, in fact, convey a full right of way as claimed by the defendants as appurtenant to both lots "A" and "B." It would have been easy for the grantor to restrict the operation of the grant by simple words to the *premises* described in the deed. He did not see fit to do so, and there is no evidence of any intent to do so in any part of the deed or in the evidence in the case.

In this view, therefore, it becomes immaterial whether Crandall had acquired or would have acquired any right of way by prescription. If he had acquired any prior to 1865, it would have become extinguished in the way which is estab-lished by the deed, and which has remained in full force and effect down to the present time, and is now vested in the defendants.

The defendants were therefore fully justified in their entry upon the way for the purpose of making repairs, and were entitled to a verdict.

The verdict of the jury was, in substance, that the defendants have a right of way both by the deed from Vose to Crandall, and also by prescription; that the alleged trespasses of the defendants were done in the reasonable exercise of their right to repair said way, and therefore the jury found the defendants not guilty.

While in our opinion the jury were not warranted in finding a right of way both by deed and by prescription, as we have

above shown, yet, inasmuch as the verdict in any event must
have been for the defendants under the evidence, we do not
find in the mere inartificial form of the verdict any reason for
granting a new trial. It has not resulted in depriving the
plaintiff of any right or in granting to the defendants anything
which they were not entitled to.

The plaintiff's petition for new trial is denied and dismissed.
Case remanded to Common Pleas Division, with direction to
enter judgment upon the verdict.

*A. B. Crafts and N. B. Lewis,* for plaintiff.
*John W. Sweeney,* for defendants.